**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TEAM ACCESSIBILITY GROUP,**
**INC.,**

    **Plaintiff,**

v.                                                  Case No.  8:04-cv-1823-T-30TBM

**BAY PINES PLAZA, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before this Court upon the Plaintiff's Application (Motion) for Approval of Attorney's Fees, Expert Witness Fees and Attorney's Cost with Accompanying Supporting Documents (**Dkt. #19**) pursuant to the Order of the Court entered May 17, 2005 (Dkt. #18). The Court, having considered the motion and response, and being otherwise fully advised, concludes that the motion should be granted in part and denied in part.

### A.  BACKGROUND

This action is an action brought to enforce Title III of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. (the "ADA"). It is one of hundreds of actions brought by Plaintiff. In settling this matter, the parties agreed that Plaintiff is entitled to attorney's fees, expert's fees and costs in the amount of $12,191.00

According to the billing records attached to the Motion, Plaintiff's attorney worked 29.75 hours at a rate of $290.00 per hour for a total of $8,627.50 in attorney's fees and incurred $1,164.40 in costs. According to the itemized expenses attached to the motion,

Plaintiff seeks recovery for "off-site legal assistance," "open/close file cost," title search, mileage, lodging, meals, photocopying, "re-inspection fee" and payment to an off-site billing service in addition to recovery of the filing and process server fees.

The records also indicate that Plaintiff's experts billed $2,400.00.

### B.   ATTORNEY'S FEES

First, this Court concludes that the rate charged and the hours billed by Plaintiff's attorney are excessive and unreasonable for this type of litigation.  This type of action is form intensive and does not require a high level of legal skill or experience. Two hundred ninety dollars ($290.00) per hour for this type of work is in excess of the customary market rate in the Tampa Bay area.  This Court concludes that a rate of two hundred fifty dollars ($250.00) per hour is reasonable and appropriate for a lawyer with the experience of Plaintiff's counsel.

Second, this Court concludes that 29.75 hours of work is unreasonable and excessive for this type of case.  Initially, this type of litigation is repetitive and form intensive.  There were no novel or complex motions filed by either party.  Moreover, Plaintiff's counsel billed inflated amounts for travel time and for reviewing and preparing routine documents.  On at least one occasion, Plaintiff's counsel billed amounts for filing and serving documents that were never filed.  Therefore, this Court concludes that the 29.75 hours billed should be reduced to **15.8 hours**.

Applying the reduction in rate and hours, this Court concludes that a fee of **$3,950.00** (15.8 hours at $250.00 per hour) is reasonable and an appropriate fee for Plaintiff's counsel. Therefore, this Court will approve the parties' settlement in so far as it contains attorney's fees in that amount. (See attached Exhibit "A" regarding attorney's fees).

### C.   EXPERT'S FEES

This Court concludes that the expert's fees billed in this matter should also be reduced. This Court concludes that $100.00 per hour for the ADA expert's time is reasonable and appropriate under the circumstances. Accordingly, this Court reduces the expert fees payable under the motion to **$685.00**.

### D.   COSTS

Next, this Court concludes that the amount of costs ($1,164.40) included in the motion should also be reduced. 28 U.S.C. § 1920 allows the taxing of certain costs incurred in an action, including clerk fees, court reporter fees (if the transcript is necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters. In Duckworth v. Whisenant, the Eleventh Circuit held that charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable. 97 F.3d 1393, 1399 (11th Cir. 1996).

Plaintiff's counsel seeks recovery of certain overhead items as costs, including "off-site legal assistance," "open/close file cost," title search, mileage, lodging, meals, photocopying, "re-inspection fee" and payment to an off-site billing service, amounting to $1,164.40. This Court concludes these amounts are not recoverable from Defendant. Therefore, this Court concludes that **$225.00** (filing fee and service of process) is recoverable and taxable as costs for Plaintiff and approves Defendant to pay Plaintiff's counsel that amount.

It is therefore **ORDERED AND ADJUDGED** that:

1.	Plaintiff's Application (Motion) for Approval of Attorney's Fees, Expert Witness Fees and Attorney's Cost with Accompanying Supporting Documents (Dkt. #19) is **GRANTED in part and DENIED in part** as stated herein.

2.	This Court approves payment by Defendant to Plaintiff of fees and costs in the amount of **$4,860.00** ($3,950.00 in attorney's fees, plus $685.00 in expert's fees, and $225.00 in costs).

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2005.

	JAMES S. MOODY, JR.
	UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-1823 Motn Attorneys Fees ADA.wpd

# EXHIBIT "A"

Court Revisions to Attorney James V. Johnstone's Invoice dated May 20, 2004:

| Date | Task | Johnstone's Time | **Approved Time** |
|---|---|---|---|
| 06-02-04 | On site inspection of subject property, meeting with expert. | 2.5 | 2.5 |
| 06-21-04 | Conference with expert, reviewing and analyzing expert report and photographs to determine nature and extent of ADA violations and relevant ADAAG citations; researched ADAAG's analysis of report from property appraiser's office to confirm proper property is identified, including the review of legal description, use codes, property address and valuation, prepared notes to file. | 2.0 | 2.0 |
| 07-22-04 | Reviewed file; reviewed information from notes Re: ownership, pertinent title documents; confirmed proper defendant; prepared notes to file, prepared computer title search and pacer search. | 1.9 | 0 |
| 07-26-04 | Telephone conference with client; Secretary of State, on defendant; reviewed Expert report and prepared complaint, summons and civil cover sheet; telephone conversations with client. | 2.5 | 1.0 |
| 08-16-04 | Receipt and review of return of service | 0.25 | 0.1 |
| 08-18-04 | Receipt and review of Related Case Order and Track Two Notice. | 0.35 | 0.1 |
| 09-7-04 | Receipt and review of Defendant's Answer. | 0.75 | 0.5 |
| 09-13-04 | Prepared, filed, and served Notice of Pendency of other Actions. | 0.5 | 0.1 |
| 09-13-04 | Prepared Certificate of Interested Persons and Corporate Disclosure Statement. | 0.75 | 0.0 |
| 09-13-04 | Prepared, filed and served Rule 26 Disclosure. | 0.75 | 0.5 |
| 09-14-05 | Prepared draft CMR and forwarded to OC. | 1.25 | 1.25 |
| 09-28-04 | Receipt and review of correspondence from o/c Re: Revised CMR. | 0.35 | 0.35 |
| 10-18-04 | Receipt and review of CMR according to CMR conference. | 0.35 | 0.35 |

| Date | Description | | |
|---|---|---|---|
| 10-20-04 | Finalized and filed CMR. | 0.35 | 0.35 |
| 10-28-04 | Receipt and review of CMR Order. | 0.30 | 0.1 |
| 10-28-04 | Receipt and review of Order directing parties to obtain expert's opinions. | 0.25 | 0.1 |
| 12-14-04 | Prepared, filed and served notice of unavailability. | 0.25 | 0.1 |
| 12-16-04 | Receipt and review of correspondence from o/c confirming inspection. | 0.25 | 0.25 |
| 12-29-04 | Travel to and from Inspection site. | 9.0 | 1.0 |
| 12-29-04 | Rule 34 inspection of property | 1.0 | 1.0 |
| 1-4-05 | Receipt and review of correspondence from o/c re: Modifications and changes to property according to inspection. | 0.4 | 0.4 |
| 2-22-05 | Prepared detailed Invoice. | 1.0 | 1.0 |
| 2005 | Multiple teleconferences with oc and staff. | 1.25 | 1.25 |
| 2/05 | Settlement Negotiations (anticipated). | <u>1.50</u> | <u>1.50</u> |
| | **TOTAL HOURS:** | **29.75** | **15.8** |

TOTAL ATTORNEY'S FEES:   15.8 hours at $250.00 per hour =   **$3,950.00**